IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUAN RAUL CUERVO,

    Petitioner,

vs.                                           Case No. 4:11cv471-SPM/WCS

KENNETH S. TUCKER,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with supporting memorandum. Docs. 1 and 3. He also filed a motion to proceed in forma pauperis, doc. 2, which is granted for purposes of transfer only.

Petitioner is currently incarcerated at Taylor Correctional Institution, and challenges the judgment of the Ninth Judicial Circuit Court in Osceola County, Florida. Jurisdiction is appropriate in this district and the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

---

[1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District of Florida. § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on December 7, 2011.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**